UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JILLBERT SADIGH,

                Plaintiff,

    v.

CITY OF NEW YORK; NEW YORK POLICE
DEPARTMENT; 102ND PRECINCT; JAMAICA
HOSPITAL MEDICAL CENTER; MEDISYS
AMBULANCE; INSTITUTE OF
COMMUNITY LIVING; MEHRDAD SADIGH;
MARTHA EDELMAN; and JOHN DOES 1-10,
*Individual Officers and Hospital Staff*,

                Defendants.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**
25-CV-948 (RPK) (RML)

RACHEL P. KOVNER, United States District Judge:

*Pro se* plaintiff Jillbert Sadigh brings this lawsuit alleging that she was taken from her home and forcibly hospitalized. Compl. (Dkt. #1). Plaintiff's application to proceed *in forma pauperis* is granted, but plaintiff is ordered to show cause why her claims against the City of New York, the New York Police Department ("NYPD"), 102nd Precinct, Jamaica Hospital Medical Center, Medisys Ambulance, Institute of Community Living, Mehrdad Sadigh, Martha Edelman, and John Doe hospital staff members should not be dismissed for failure to state a claim. Plaintiff's claims against the John Doe NYPD officers may proceed.

**BACKGROUND**

The following facts are taken from the complaint and assumed to be true for the purpose of this order. On January 17, 2025, plaintiff allowed three employees from the Institute for Community Living to enter her apartment, but "[o]nce inside, [she] asked them to leave, and they complied." Compl. 2. Later, her father Merhdad Sadigh "unlocked two of the three locks on

1

[p]laintiff's door," and "NYPD officers then forcibly broke the third lock and the door." *Id.* at 3. Officers placed plaintiff in "excessively tight handcuffs" and "forcibly removed her from her residence" before transporting her in an ambulance to Jamaica Hospital Medical Center, where she remained for five days. *Ibid.* At the hospital, plaintiff was "forcibly sedated," "suffered a miscarriage," and "was sexually assaulted." *Ibid.*

Plaintiff filed this lawsuit on February 17, 2025. She raises (1) claims under 42 U.S.C. § 1983 for violation of her Fourth Amendment rights against the NYPD, the City of New York, and Mehrdad Sadigh; (2) Section 1983 claims for excessive force against the NYPD officers and the City of New York; (3) Section 1983 claims for false imprisonment against the NYPD, Jamaica Hospital, and the City of New York; (4) Section 1983 claims for violations of her Fourteenth Amendment due process rights against the NYPD, Jamaica Hospital, and the City of New York; (5) medical malpractice, battery, and assault claims against Jamaica Hospital and its staff; (6) negligence and gross negligence claims against Jamaica Hospital and the City of New York; and (7) civil conspiracy claims against Mehrdad Sadigh, NYPD, and the City of New York. *See id.* at 4–5. Plaintiff seeks damages as well as declaratory and injunctive relief. *Id.* at 5.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Although the Court construes *pro se* pleadings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), it must dismiss a complaint that does not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The facial "plausibility standard is not akin to a probability requirement," but it requires a plaintiff to allege sufficient facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

2

556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556–57) (quotation marks omitted). A complaint fails to state a plausible claim when, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," *Iqbal*, 556 U.S. at 679. Though the court must accept all facts alleged in the complaint as true, it need not adopt "[t]hreadbare recitals of the elements of a cause of action" that are "supported by mere conclusory statements." *Id.* at 678.

## DISCUSSION

For the reasons explained below, plaintiff does not appear to state a claim against the City of New York, the NYPD, 102nd Precinct, Jamaica Hospital Medical Center, Medisys Ambulance, Institute of Community Living, Mehrdad Sadigh, Martha Edelman, and John Doe hospital staff members. Plaintiff's excessive-force claims against the individual NYPD officers may proceed.

### I.   Claims Against Medisys Ambulance

Plaintiff appears to fail to state a claim against Medisys Ambulance. Although named in the caption, Medisys Ambulance is not otherwise mentioned in the complaint. "It is well-settled that where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999) (quotation marks and citation omitted). Further, as explained below, any Section 1983 claim against Medisys Ambulance appears to fail because plaintiff does not allege that it engaged in state action. The complaint therefore does not state a claim as to Medisys Ambulance.

## II.   Conspiracy Claims Against Mehrdad Sadigh, NYPD, and the City of New York

Plaintiff appears to fail to state a conspiracy claim under either Section 1983 or New York law.

To state a claim for a Section 1983 conspiracy, a plaintiff must allege: "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999). "[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." *Ciambriello v. County of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002) (citation omitted).

Under New York law, to state a claim for civil conspiracy, a plaintiff must, "alleg[e] an underlying tort" and "plead facts sufficient to support an inference of the following elements: '(1) an agreement between two or more parties; (2) an overt act in furtherance of the agreement; (3) the parties' intentional participation in the furtherance of a plan or purpose; and (4) resulting damage or injury.'" *Bigio v. Coca-Cola Co.*, 675 F.3d 163, 176 (2d Cir. 2012) (quoting *Abacus Fed. Sav. Bank v. Lim*, 905 N.Y.S.2d 585, 588 (App. Div. 2010)).  A conspiracy claim must be dismissed if the complaint "alleges no facts suggesting the existence of an agreement" to commit an underlying tort. *Ibid.*

Plaintiff appears to fail to state a claim for conspiracy under either standard.  Plaintiff's allegations that "[d]efendant Mehrdad Sadigh conspired with NYPD officials to facilitate the unlawful entry into [p]laintiff's home" and that "[d]efendants acted in concert to deprive [p]laintiff

4

of her constitutional rights," Compl. 5, appear wholly conclusory and include no facts showing that defendants entered an agreement to violate plaintiff's rights or commit a tort.

### III.     Claims Against the City of New York

Plaintiff appears to fail to state a claim against the City of New York under Section 1983.

A plaintiff who seeks to hold a municipality liable under Section 1983 must allege (1) "an official policy or custom," that (2) "cause[d] the plaintiff to be subjected to," (3) a "denial" of a federally guaranteed right. *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007). Thus, "[w]hen a plaintiff sues a municipality, such as the City of New York, . . . under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's . . . employees or agents engaged in some wrongdoing." *El Dey v. Bd. of Corr.*, No. 22-CV-2600 (LTS), 2022 WL 2237471, at *6 (S.D.N.Y. June 22, 2022). Instead, a plaintiff must allege a municipal policy or custom, such as by pointing to "decisions of a government's lawmakers, the acts of its policymaking officials, [or] practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

Plaintiff does not allege any official policy or custom that caused her to suffer a denial of a constitutional right. *See generally* Compl. Therefore, plaintiff appears not to state a claim against the City of New York.

### IV.     Claims Against the NYPD and 102nd Precinct

Because agencies of the City of New York, including the NYPD, are non-suable entities, plaintiff's claims against the NYPD and 102nd Precinct appear deficient. *See* N.Y.C. Charter § 396 (providing that claims must "be brought in the name of the city of New York and not in that of any agency"); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) ("[T]he NYPD is a non-suable agency of the City.").

5

### V. Section 1983 Claims Against Private Defendants

Plaintiff does not appear to state a Section 1983 claim against any of the private defendants: Merhdad Sadigh, Medisys Ambulance, the Institute for Community Living, Martha Edelman, Jamaica Hospital, and its staff.

Under Section 1983, "constitutional torts are only actionable against state actors or private parties acting 'under the color of' state law." *Betts v. Shearman*, 751 F.3d 78, 84 (2d Cir. 2014). A private entity will be found to have acted under color of state law when its actions can be said to be "fairly attributable to the State." *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982) (citation omitted). A nominally private entity's actions are "attributable to the state" when (1) "the entity acts pursuant to the coercive power of the state or is controlled by the state"; (2) "the state provides significant encouragement to the entity, the entity is a willful participant in joint activity with the state, or the entity's functions are entwined with state policies"; or (3) "the entity has been delegated a public function by the state." *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012) (citation omitted).

Plaintiff does not allege any actions attributable to the state by Merhdad Sadigh, Martha Edelman, the Institute for Community Living, Medisys Ambulance, Jamaica Hospital, or its staff. *See generally* Compl. Thus, to the extent plaintiff brings Section 1983 claims against these defendants, plaintiff appears to fail to state a claim.

### VI. State Law Claims Against Jamaica Hospital and the John Doe Hospital Staff

The Court appears to lack jurisdiction over plaintiffs' state law claims against Jamaica Hospital and the John Doe hospital staff defendants.

A federal court must have subject-matter jurisdiction to decide a case. *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). In general, a federal district court

6

has original subject-matter jurisdiction over cases when there is "diversity of citizenship" among the parties and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332, or when a "federal question" is presented, see *id.* § 1331. As the party asserting the Court's jurisdiction, plaintiff bears the burden of establishing that subject-matter jurisdiction exists. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

Federal-question jurisdiction generally "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *State ex rel. Tong v. Exxon Mobil Corp.*, 83 F.4th 122, 132 (2d Cir. 2023) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Further, a "claim invoking federal-question jurisdiction . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 n.10 (2006) (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 98 (1998) ("Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." (quotation marks and citation omitted)).

Diversity jurisdiction requires complete diversity between the plaintiffs and defendants, meaning that all plaintiffs are citizens of states diverse from those of all defendants. *Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020) (per curiam). For a natural individual, citizenship is determined by domicile, meaning "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019). A corporation is "considered a citizen of the state in which it is incorporated and the state of its principal place

of business." *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012).

District courts have supplemental jurisdiction over "all other claims that are so related to claims in the action" over which they have original jurisdiction such that "they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "For purposes of section 1367(a), claims 'form part of the same case or controversy' if they 'derive from a common nucleus of operative fact.'" *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011) (quoting *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004)). Put differently, the question is whether the relationship between the federal and state claims is "such that the plaintiff 'would ordinarily be expected to try them all in one judicial proceeding.'" *Montefiore Med. Ctr. v. Teamsters Loc. 272*, 642 F.3d 321, 332 (2d Cir. 2011) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)). To make this determination, courts "have traditionally asked whether the facts underlying the federal and state claims substantially overlapped or the federal claim necessarily brought the facts underlying the state claim before the court." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006) (ellipsis, brackets, quotation marks, and citation omitted). Supplemental jurisdiction is lacking "when the federal and state claims rest[] on essentially unrelated facts." *Lyndonville Sav. Bank & Tr. Co.*, 211 F.3d at 704.

The Court appears to lack federal-question and diversity jurisdiction over plaintiff's state law claims against the hospital and hospital staff. Plaintiff does not invoke federal-question jurisdiction for these claims. Further, plaintiff fails to plead the citizenship of any defendant. Accordingly, plaintiff has not met her burden to establish complete diversity as required for the exercise of diversity jurisdiction.

Finally, the Court appears to lack supplemental jurisdiction over plaintiff's claims against Jamaica Hospital and hospital staff. For the reasons explained above, all of plaintiff's federal claims other than her Section 1983 claims for excessive force against the NYPD officers appear "wholly insubstantial and frivolous" and therefore do not give rise to federal-question jurisdiction. *Arbaugh*, 546 U.S. at 513 n.10 (citation omitted). And plaintiff's claims against Jamaica Hospital and the John Doe hospital staff lack a "common nucleus of operative fact" with her excessive force claims. *Shahriar, Inc.*, 659 F.3d at 245. Whereas her claims against the NYPD officers arise from their alleged forceful handcuffing at plaintiff's home, her claims against the hospital and hospital staff arise from the alleged mistreatment of plaintiff while she was at the hospital. *See* Compl. 3–4. There appears to be no overlap, much less "substantial[] overlap[]," in the factual allegations underlying these claims. *Achtman* 464 F.3d at 335. The Court therefore appears to lack jurisdiction over plaintiff's claims against the hospital and hospital staff.

## CONCLUSION

For the foregoing reasons, plaintiff is ordered to show cause within thirty days why her claims against the City of New York, the NYPD, 102nd Precinct, Jamaica Hospital Medical Center, Medisys Ambulance, Institute of Community Living, Mehrdad Sadigh, and Martha Edelman should not be dismissed for failure to state a claim. Failure to respond will likely result in the claims being dismissed.

The excessive-force claims against the John Doe NYPD officers may proceed, but the United States Marshals Service will not be able to serve defendants without further identifying information. Accordingly, the Court requests that Corporation Counsel for the City of New York ascertain the full names of the NYPD officers involved in plaintiff's alleged arrest. *See Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (per curiam). The Court also requests that Corporation

Counsel provide the addresses where the John Doe NYPD defendants can currently be served. This information should be provided to the Court within forty-five days from the date of this Order. After the Corporation Counsel submits that information, the United States Marshal Service shall serve the John Doe NYPD defendants without prepayment of fees. Once the John Doe NYPD defendants have been identified, plaintiff's complaint shall be deemed amended to reflect their full names.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to send a copy of this Order to the Corporation Counsel for the City of New York, Special Federal Litigation Division, and to plaintiff, and to note the mailings on the docket.

SO ORDERED.

                                            /s/ Rachel Kovner
                                            RACHEL P. KOVNER
                                            United States District Judge

Dated: April 11, 2025
       Brooklyn, New York